Aaron P. Hisel, OSB #161265
aaron@montoyahisellaw.com
Elizabeth A. Jones, OSB #201184
beth@montoyahisellaw.com
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716

Daniel B. Atchison, OSB #040424
datchison@cityofsalem.net
Salem City Attorney's Office
555 Liberty St. SE Ste. 225
Salem, OR 97301
   Telephone; (503) 588-6003
   Fax: (503) 361-2202
     Attorneys for Defendants City of Salem
     and Judy Dan

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| CLIFFORD EIFFLER-RODRIGUEZ, | Case No. 6:23-cv-00201-MC |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| CITY OF SALEM; JUDY DAN; JOHN DOES 1 & 2, | **(Request for Jury Trial)** |
| Defendants. | |

For their Answer to plaintiff's Complaint, City of Salem and Judy Dan ("Defendants") hereby admit, deny, and allege as follows:

Page 1 – **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

1.

In response to the unenumerated paragraph on page 1 of the Complaint, Defendants admit Plaintiff was impacted by less-lethal crowd control munitions and arrested. Except as so admitted, deny.

2.

In response to paragraphs 1 and 2, these are plaintiff's jurisdictional and venue statements to which no response is required.

3.

In response to paragraph 3, defendants lack sufficient knowledge or information to admit or deny the allegation at this time and on this basis, deny.

4.

In response to paragraph 4, admit the City of Salem is an Oregon municipal corporation; the City of Salem operates a police department; and the police department has a unit called the Mobile Response Team (MRT) that responds to crowd control situations. Except as so admitted, deny.

5.

In response to paragraph 5, admit Judy Dan was a Salem police officer at all times relevant to this Complaint; was acting under color of law when interacting with and choosing to arrest Plaintiff; and that Plaintiff is suing her individually. Except as so admitted, deny.

6.

Paragraphs 6 and 7, are Plaintiff's legal theories as to John Doe 1 and John Doe 2 that do not require a response. To the extent any facts are alleged in these paragraphs requiring a response, they are denied unless expressly admitted herein below.

7.

In response to paragraphs 8 and 9, admit that on August 10, 2021, two opposing groups were engaging in protest and counterprotests outside the Planned Parenthood located at 3825 Wolverine St NE in Salem, Oregon; and that Plaintiff was in attendance; that Plaintiff had a megaphone that he used to make his defying of lawful orders to disperse and insults to the police easier to hear. Except as so admitted, defendants lack sufficient knowledge or information to admit or deny the additional allegations at this time and on this basis, deny.

8.

In response to paragraph 10, admit.

9.

In response to paragraphs 11 and 12, admit MRT members formed a skirmish line on Wolverine St SE and most of the protesters moved away from where the skirmish line was formed; that Plaintiff did not disperse or leave the area of the skirmish line; that Plaintiff remained facing the skirmish line refusing to leave; Plaintiff remained in the street, yelling obscenities through a megaphone at the approaching line of officers; that Plaintiff ignored multiple commands to "move back"; and that Officer Dan had to use her baton to push him back from the advancing skirmish line multiple times. Except as so admitted, deny.

10.

In response to paragraphs 13, 14 15, and 16 admit plaintiff was struck in the chest by paint-style marking Pepperball rounds and a single 40mm foam tip round in the thigh area; that neither munition used had any chemical irritant payload; and that no other individual was the intended target of the munitions that were fired. Defendants are without sufficient knowledge to admit or

deny Plaintiff's allegations as to the extent of his injuries or how long they lasted, and on that basis, deny those allegations. Except as so admitted, deny.

11.

In response to paragraphs 17 and 18, admit that publicly available court records indicate that on September 8, 2021, plaintiff was charged with interfering with a peace officer for refusing to obey a lawful order of Officer Dan, and harassment for subjecting Officer Dan to offensive physical contact; and that the charges were dismissed on February 24, 2022 after the District Attorney's Office so moved. Except as so admitted, deny.

12.

Deny paragraphs 19, 20, and 21.

13.

In response to paragraph 22, admit HB 2928 speaks for itself. To the extent Plaintiff's narrative describing HB 2928 differs from the text or legislative intent of the bill, deny. Defendants further expressly deny Plaintiff was struck with a munition containing any chemical irritant that would implicate any provision of HB 2928. Except as so admitted, deny.

14.

In response to paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, these are plaintiff's legal conclusions and prayers for relief to which no response is required. To the extent plaintiff alleges facts not admitted hereinabove, deny.

//
//

15.

**FOR A FIRST AFFIRMATIVE DEFENSE**, Judy Dan alleges:

(Qualified Immunity)

Officer Dan did not knowingly violate any sufficiently well-settled constitutional right of Plaintiff and is entitled to qualified immunity from claims against her.

16.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Defendants allege:

(Failure to State a Claim)

Plaintiff has failed to allege ultimate facts sufficient to state a claim for the *Monell* theories of recovery as they rest on conclusory allegations that are not entitled to the assumption of the truth and the unlawful arrest theory of Fourth Amendment liability against Officer Dan.

17.

**FOR A THIRD AFFIRMATIVE DEFENSE**, Defendants allege:

(Reasonable Suspicion and Probable Cause)

At all material times, the entirety of Plaintiff's detention was lawfully supported by reasonable suspicion and/or probable cause.

WHEREFORE, having fully responded to plaintiff's Complaint, Defendants request judgment in their favor and against Plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988.

DATED this 7th day of April, 2023.

    s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Daniel B. Atchison, OSB #040424
Elizabeth A. Jones, OSB #201184
Attorneys for Defendants City of Salem and Judy Dan

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT on:

    Alexander Meggitt
    Franz Bruggemeier
    Oregon Justice Resource Center
    PO Box 5248
    Portland, OR 97208
        Attorneys for Plaintiff

by the following indicated method or methods:

☒     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

        by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

        by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 7th day of April, 2023.

                                        s/ Aaron P. Hisel
                                        Aaron P. Hisel, OSB #161265
                                        Of Attorneys for Defendants City of
                                        Salem and Judy Dan